23253. KING v. ALEXANDER BROTHERS LUMBER
COMPANY.

Decided November 6, 1933.

Hatcher & Hatcher, for plaintiff. A. L. Hardy, for defendant.

SUTTON, J. G. D. King brought suit against Alexander Brothers Lumber Company for $374.26, alleging that this sum was due him by the defendant as a balance under a written contract between the parties whereby the defendant was to pay the plaintiff for certain timber to be cut by it, and providing that "the purchase-price for said timber is to be two and one half dollars per thousand feet for sawed lumber, to be paid for as fast as sawed and racked, each yard to be paid for as soon as sawed and racked; and it is understood and agreed that the purchaser is to pay for not less than one million feet of lumber, whether that much is actually sawed or not, and in the following manner: one thousand dollars to be paid cash upon the execution of this contract, five hundred dollars six months from date, five hundred dollars twelve months from date, it being provided that if the turn out of lumber is more than one

million feet, then, at no time shall the payments get in arrears, so that each yard of timber must be paid for as soon as racked." The defendant answered, denying that it was indebted to plaintiff for this balance. It further set up that the plaintiff stated that he was not familiar with the land lines and directed the defendant to one Whit Gordon, who was familiar with them, and before consummating the contract the defendant went to Gordon and he pointed out the boundaries, and the defendant, being convinced that there was a million feet of timber standing on the lands within the boundaries pointed out, accepted the terms of the contract. Defendant alleged that it moved its sawmill on said lands within said boundaries so pointed out by Gordon and started sawing said timber. Defendant further alleged that the plaintiff visited the sawmill during the time it was cutting said timber and did not inform it that the sawmill was not on the lands of the plaintiff; but on the contrary it developed that the sawmill was on lands owned by the Columbus Power Company, and the defendant cut and sawed timber of the power company, which at $2.50 per thousand feet amounted to $374.26, the sum now claimed by plaintiff in his suit. The defendant further set up that as soon as it discovered that it was cutting timber of the power company, a meeting was arranged between the duly authorized agent of the power company, the plaintiff, and a representative of the defendant, and, under the direction and instructions of the plaintiff, the defendant paid over to the agent of the power company the amount due for the timber of the company which had been cut and sawed by the defendant. The plaintiff demurred to this plea and answer, upon the grounds that it did not set forth a defense to the action, that the same was an effort to vary the terms of the written contract sued on, and upon various other grounds to the effect that the allegations of the plea were not sufficiently full and definite. The court overruled the demurrer, on all the grounds thereof, and to this judgment the plaintiff excepted pendente lite, and error is assigned thereon in this court. The case proceeded to trial before a jury, and the trial resulted in a verdict for the defendant. The plaintiff's motion for a new trial was overruled, and to this judgment he excepted.

This court is of the opinion that the judge did not err in overruling the demurrer to the answer. There was no attempt to vary the terms of the written contract. It is elementary that a subse-

quent parol agreement between the same parties, relating to the subject-matter of the prior written one, may be entered into. This was not a case where the defendant had cut timber on the land of another without any fault of the plaintiff. This is so although the contract provided that the defendant was to pay the plaintiff the sum specified therein even if it did not cut one million feet of timber from the lands described therein. According to the allegations of the answer, the plaintiff told the defendant that he did not know the land lines, and that Gordon did, implying that the defendant should go to Gordon to ascertain them. The defendant did this, and Gordon erroneously pointed out the land lines as including some of the lands of the power company. After it was discovered that the defendant was cutting timber of the power company, the representative of the defendant, the plaintiff, and a representative of the power company met together, and at this meeting the plaintiff directed the defendant to pay the power company for the timber so cut on its lands. This answer was not indefinite, and if it was supported by evidence, the jury were authorized to find in favor of the defendant.

This court is of the opinion that the evidence fully authorized the verdict in favor of the defendant. No error appears in any of the excerpts from the charge of the court, excepted to by the plaintiff. The trial judge fully explained to the jury the issues made by the petition and the answer. If there could be any criticism of the judge's charge, it is that the charge was more favorable to the plaintiff than he was entitled to.

It follows that the trial court did not err in overruling the demurrer to the answer, and in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*